

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PENINSULA ENTERPRISE SpA,

                Plaintiff,

   - against -

MAYSTO DEMIR CELIK PLASTIK SANAYI VE
TICARET LTD. SRL a/k/a MAESTRO
IRON-STEEL-PLASTICS LTD.,
AL GHANIM CONSULTING ENGINEERS &
CONSTRUCTION MANAGEMENT and ANWAAR
AL GHANIM,

                Defendants.
----------------------------------------------------------X

08 CV

ECF CASE

**EX PARTE ORDER
FOR PROCESS
OF MARITIME
ATTACHMENT**

**WHEREAS**, on May 27, 2008 Plaintiff, PENINSULA ENTERPRISE SpA, filed a Verified Complaint, herein for damages amounting to **$1,615,633.42** inclusive of interest, costs and reasonable attorney's fee, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal, or other designated process server, attach any and all of the Defendants' property within the District of this Court; and

**WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist:

**NOW**, upon motion of the Plaintiff, it is hereby:

**ORDERED**, that pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of the Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading,

effects, debts and monies, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire or any other funds or property up to the amount of **$1,615,633.42** belonging to, due or being transferred to, from or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' names or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees, including but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York Mellon, Barclay's Bank, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Societe Generale, Standard Chartered Bank, UBS, and/or Wachovia Bank N.A on whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the U.S. Marshal, or other designated process server, upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed to be effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service is further deemed to be effective through the end of the next business day, provided that another service is made that day; and it is

further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means.

Dated: May 27, 2008

SO ORDERED:

_____
U. S. D. J.